IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENDA MARIE LITTLETON, )
        Plaintiff, )
  -vs- ) Civil Action No. 16-1650
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 22 and 24). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 21) and granting Defendant's Motion for Summary Judgment. (ECF No. 23).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and widow's insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging disability since August 31, 2012. (ECF No. 16-5, pp. 3, 16). Administrative Law Judge ("ALJ"), Lawrence J. Neary, held a hearing on October 2, 2014. (ECF No. 16-2, pp. 39-68). On February 5, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 16-2, pp. 11-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Credibility and Mischaracterization

Plaintiff first argues that the ALJ erred in "overstating" her allegations that she is "totally disabled." (ECF No. 22, p. 8). In support of the same, Plaintiff submits that "the ALJ states that the Claimant asserts that she is totally disabled…[but Plaintiff] has never suggested that she is 'totally disabled.'" *Id.,* at pp. 8, 10. Rather, Plaintiff submits that she cannot function in a normal workplace due to her anxiety. *Id.* Based on the same, Plaintiff submits that the ALJ's decision is not supported by substantial evidence and reversal is warranted.

As set forth above, to be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. This is what it means to be disabled under the Act. By filing an application, it is axiomatic that a plaintiff is asserting that he/she is disabled within the meaning of the Act. Thus, if a plaintiff does not assert that he is unable to engage in substantial gainful employment, he/she is not entitled to benefits under the Act.

3

In this case, when assessing Plaintiff's credibility, the ALJ stated, *inter alia,* "the clinical and objective findings and the treatment history and activities of daily living rebut the claimant's contention that she is totally disabled from all forms of gainful employment. While her discomfort may restrict very strenuous physical exertion, it does not preclude all work activity." (ECF No. 16-2, p. 21). Thus, contrary to Plaintiff's contention, the ALJ did not state that she was "totally disabled." He stated that she was not "totally disabled from all forms of gainful employment." (ECF No. 16-2, p. 21). This in no way is an overstatement of her allegations or a mischaracterization of the evidence. Therefore, I find no merit to this argument.

It may be inferred that Plaintiff also is arguing that the ALJ improperly relied on Plaintiff's activities of daily living in assessing her credibility. (ECF No. 22, p. 9). An ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. In this case, the ALJ did exactly that. (ECF No. 16-2, pp. 11-24. 20). Specifically, the ALJ noted the following:

> Following the sudden death of her husband in February 2013, the claimant reported in April 2013 that she was living alone and that she had no problem with personal care (Exhibit 5E). She reported that she prepared her own meals, did laundry with carrying assistance on stairs, mowed with a riding lawn mower, dusted, used a dishwasher, and cleaned floors (Exhibit 5E). She reported that she watched television, read, and knitted on a daily basis and that she did these things well (Id.). She reported that she went to church every Sunday (Id.). She subsequently lost her house and began living with a woman, who was a friend of her mother's. It is noted that in September 2014 a treating source reported that the claimant was caring for a woman who was actively dying (Exhibit 22F).
>
> Also, at the hearing in October 2014, the claimant reported that she continued to live with the woman, who was a friend of her mother's (Testimony). The claimant also testified that she drove once or twice a week and that she went to one grocery store to shop (Id.). She reported that she got breakfast for the woman with who she lived on a daily basis because the woman was ill (Id.). She testified that the woman had a life expectancy of 48 hours (Id.) She further reported that she took care of two little dogs (Id.). She testified that she went to church every other Sunday because of the ill health of the woman with whom she lived (Id.).

(ECF No. 16-2, p. 20). I find this statement to be supported by substantial evidence. *Id.* Consequently, I find no error in this regard.

## C.     <u>GAF[2] Scores</u>

Plaintiff's only other argument is that the ALJ chose to credit one GAF score over another without discussing the meaning and effect of that determination. (ECF No. 22, p. 8). "In other words, he does not explain the difference in a functional sense between a GAF of 50 and 57, and what the functional relevance of a score of 57 is in and of itself." *Id.* Contrary to Plaintiff's assertion, there is no formulaic outline an ALJ must follow when weighing GAF scores. Rather, an ALJ must simply weigh the GAF scores and discuss reasons for the weight sufficiently for this court to conduct a meaningful review. In addressing Plaintiff's GAF scores, the ALJ stated:

> As for the opinion evidence, examining and treating sources have given the claimant Global Assessment of Functioning Scale (GAF) scores of 50 and 57 at various times throughout the record (Exhibits 15, 21F). Greater weight has been given to the GAF score of 57. This is because it is more consistent with the evidence as a whole, such as the good overall mental status examination findings and the claimant's relative conservative course of treatment, which has consisted only of psychotherapy, a controlled grieving process, psychiatric medication management, and some recent case management services to support the claimant in obtaining alternate housing upon the expected death of the woman with whom she currently lives, who has been given a short life expectancy, as discussed above in this decision.

(ECF No. 16-2, p 21). I find the ALJ's discussion above regarding the weight assigned to his GAF scores to be valid and proper and supported by substantial evidence. (ECF No. 16-2, pp. 11-24). Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

---

[2]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.* Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENDA MARIE LITTLETON, )
                Plaintiff, )
 -vs- ) Civil Action No. 16-1650
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
                Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 9th day of August, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 21) is denied and Defendant's Motion for Summary Judgment (Docket No. 23) is granted.

                                BY THE COURT:

                                s/ Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.